UNITED STATES

v.

Specialist Four Michael G. THARPE, 345–46–6302, US Army, Company E, 1st Womens Basic Training Battalion, Fort McClellan, Alabama 36201.

SPCM 11579.

U. S. Army Court of Military Review.

27 July 1976.

Appellate Counsel for the Accused: CPT Stephen D. Halfhill, JAGC; CPT Lawrence E. Wzorek, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Jack M. Hartman, JAGC; CPT Lee D. Schinasi, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

OPINION OF THE COURT

DONAHUE, Judge:

Upon request by the court members, the military judge instructed on the procedure for reconsideration of sentence. In doing so, he instructed the four member court that reconsideration with a view toward decreasing the sentence could take place only if three of the members voted in favor of reconsideration. The correct rule is that reconsideration should have taken place unless three of the four members opposed it (the number it took to impose the sentence in the case *sub judice*). Article 52(c), Uniform Code of Military Justice, 10 U.S.C. § 852; paragraph 76*d*, Manual for Courts-Martial, United States, 1969 (Revised edition). Having clearly established that there was error, we must concern ourselves with the effects of the error and the remedy. Toward that end, a brief review of precedent is appropriate.

Although until 1968 Article 52 required that, except as otherwise provided, sentences were to be determined by the concurrence of two-thirds of the members present, then Article 52(c) provided that all

other questions were to be decided by a majority vote. Consequently, a majority vote was needed to achieve sentence reconsideration. In 1968, Article 52(c) was changed to provide that "a determination to reconsider a finding of guilty or to reconsider a sentence, with a view toward decreasing it, may be made by any lesser vote which indicates that the reconsideration is not opposed by the number of votes required for that finding or sentence."[1] Understandably, this formulation can be quite confusing.[2] The logic behind the Codal change, however, is apparent: The requirement for a majority vote to force reconsideration would defeat reconsideration in any case where the dissenters from the original sentence, though fewer than a majority, were more than the one-third or one-fourth of the court. (To put it another way: The same number of votes opposing reconsideration should be required to prevent reconsideration with a view to decreasing the sentence as was required to impose that sentence initially.) Consequently, an accused is entitled to reconsideration of his sentence with a view to decreasing it when it appears that the affirmative votes to reconsider exceed one-third or one-fourth of the members as appropriate.[3]

■ Far from being merely an academic problem, this issue has arisen on several occasions in the past. In *United States v. Boxdale,* 46 C.M.R. 1002 (A.C.M.R.1972), *petition granted and reversed* on other grounds, 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973), the Court *per* Judge Grimm cured the error by reassessing the sentence. A similar result obtained in *United States v. Tobias,* 46 C.M.R. 590 (A.C.M.R.1972). The remedy in these cases appears to be predicated on two earlier unpublished cases.

*United States v. Mallory and Hall,* CM 423622 (A.C.M.R. 25 May 1971) and *United States v. Gardner,* CM 424524 (A.C.M.R. 26 October 1971). In turn, *United States v. Smith,* 32 C.M.R. 632 (A.B.R.1963), seems to be the case upon which the others were based. The remedy, as stated earlier, was in all situations a reassessment of sentence. However, our examination of these cases indicates a significant distinction between the cited cases and the case at bar. In each of those cases, the military judge (law officer) had instructed on reballoting *sua sponte* as part of the regular sentencing instructions.[4] There is no evidence in those cases that any member desired reconsideration. In the instant case the military judge instructed pursuant to a specific request by the members. This distinction, we believe, is crucial in determining the remedy. Since we have no way of knowing how many of the members favored reconsideration, a rehearing on the sentence is necessary.

The findings of guilty are affirmed. The sentence is set aside and rehearing thereon may be ordered by the same or a different convening authority.

Senior Judge CLAUSE and Judge COSTELLO concur.

---

1. The rule for reballoting on a sentence with a view to increasing it is different: ". . . a reballot on the sentence with a view to increasing it will be taken only if a majority of the members present vote in favor thereof . ." Paragraph 76*d,* Manual for Courts-Martial, United States, 1969 (Revised edition).

2. Correctly recognizing the problem, the Chief of the Trial Judiciary issued Military Judge Memorandum Number 66 dated 24 November 1971, which greatly clarified the provision and gave numerical examples of its application.

3. Of course, one vote would be sufficient to force reconsideration with a view to decreasing the sentence when the initial sentence was death under Article 52(b)(1), UCMJ.

4. We have little doubt that the current practice eliminating these instructions unless requested is a response to that recurring error.